BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER, ESQ.
Nevada Bar No. 3568
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Telephone (702) 382-7300

Attorneys for Defendant
  GLEN EDWARD GARNER

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:18-cr-00317-JAD-VCF |
| | ) | |
| v. | ) | |
| | ) | |
| GLEN EDWARD GARNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATION AND ORDER TO CONTINUE DEADLINE FOR FILING OF PRETRIAL MOTIONS AND RELATED DATES**
**(Thirteenth Request)**

IT IS HEREBY STIPULATED AND AGREED, by and between Defendant GLEN EDWARD GARNER, by and through his attorney (Richard J. Pocker, Esq. of the law firm of Boies Schiller Flexner LLP), and the Plaintiff UNITED STATES OF AMERICA (hereinafter, "the Government"), by and through its attorney (Assistant United States Attorney Kevin Schiff), that the deadline for the filing of pretrial motions be extended to December 4, 2020, and the due date for any responses to pretrial motions be extended to December 18, 2020.

This Stipulation is entered into for the following reasons:

1.      The present case is currently set for trial on February 23, 2020.  The date by which pretrial motions are to be filed is November 20, 2020, just 8 days away. As noted in

1

earlier filings, the Government, as a result of motion practice throughout the past year, has discovered and provided relevant tape recordings of conversations between the key witness against Defendant GARNER and a person alleged to be Defendant GARNER, gathered through the electronic surveillance authorized in another investigation.   Although the Government has made the disclosure of these recordings, as well as much of the Title III paperwork associated with the electronic surveillance in the past few months, Defendant GARNER has not had the opportunity to review these materials given the combination of the Protective Order entered by U.S. Magistrate Judge Ferenbach and the worldwide COVID-19 public health crisis, which has prevented Defendant GARNER from accessing counsel's offices, which is the only location at which he is permitted to review or analyze documents and recordings.  The Government is not willing to stipulate to alteration of the Protective Order, in light of concerns that some of the sensitive discovery materials made available pursuant to its terms might (if disseminated or discussed in the community) endanger witnesses or investigative activities.  In addition, Defendant GARNER's counsel has engaged Michael Levine, an expert on criminal investigative procedures and a former supervisor with the U.S. Drug Enforcement Administration, to examine and analyze materials in the extensive discovery produced to date, especially with respect to wiretaps, recordings and electronic surveillance records.  Mr. Levine has not yet been able to complete the analysis required by Defendant GARNER's counsel.

2.      Defendant GARNER, his counsel and Mr. Levine are engaged in analyzing evidence and preparing to file necessary pretrial motions.  Counsel for Defendant GARNER requests additional time to review and analyze the discovery materials provided by the Government, and to meet and strategize with Defendant GARNER as well as to receive and utilize the assistance of Mr. Levine.

3.      In addition to the above-referenced procedural considerations, the recent public health crisis posed by the COVID 19 pandemic has impacted the ability of Defendant GARNER and his counsel to effectively prepare the necessary pretrial motions, given the medical and governmental restrictions attendant to the local Nevada community.  Given the necessity of preparing and assembling such motions in a situation where face to face meetings

2

between client and counsel are inadvisable and counsel's staff is working remotely, a short additional extension of deadlines related to pretrial motions is necessary.  Such an extension will have no effect on the February 23, 2020 trial setting.  The parties hereby agree that the due date for pretrial motions should be extended from November 20, 2020 to December 4, 2020, and that the deadline for responding to these motions be extended to December 18, 2020.

4.       Counsel for both Defendant GARNER and the Government are in agreement with respect to the Defendant's need for a continuance of the due date for pretrial motions.

5.       Defendant GARNER is free on pretrial release pending trial, and has no objection to the requested continuance, as it will enhance the thoroughness of his trial preparation.  He is insistent on receiving as much helpful and useful evidence as possible in response to his earlier motions, and to having his pretrial motions as comprehensive as possible.

6.       Denial of this request for continuance will result in a miscarriage of justice, given the necessity of further informed preparation by Defendant GARNER and his counsel, with access to the additional materials Mr. Levine or the Government might make available, and taking into account the restrictions upon conduct created by the pandemic.

7.       The extension of deadlines contemplated by this Stipulation does not impact the currently scheduled trial date of February 23, 2020.  Nonetheless, the additional time requested by this Stipulation is excludable in computing the time in which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Sections 3161(h)(7)(B) and 3161(h)(7)(B)(iv).

8.     This is the thirteenth request for an extension of the date by which pretrial motions must be filed, although most of those earlier requests were in conjunction with stipulations to continue the trial date.

DATED this 12th day of November, 2020.

BOIES SCHILLER FLEXNER LLP

By: /s/ Richard J. Pocker
   RICHARD J. POCKER, ESQ.
   Counsel for Glen Edward Garner

NICHOLAS A. TRUTANICH
United States Attorney

By: /s/ Kevin Schiff
   KEVIN SCHIFF
   Assistant United States Attorney

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER, ESQ.
Nevada Bar No. 3568
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Telephone (702) 382-7300

Attorneys for Defendant
  GLEN EDWARD GARNER

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:18-cr-00317-JAD-VCF |
| | ) | |
| v. | ) | |
| | ) | |
| GLEN EDWARD GARNER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.**

**FINDINGS OF FACT**

Based upon the pending Stipulation of counsel, and good cause appearing therefor, the Court finds that:

1.      The present case is currently set for trial on February 23, 2020, and the deadline for filing pretrial motions is November 20, 2020.  Counsel for Defendant GARNER requests additional time to review and analyze the additional discovery materials to be provided by the Government and to meet and strategize with Defendant GARNER, as well as to receive the complete assistance of his retained expert, Michael Levine.

2.      Counsel for both Defendant GARNER and the Government are in agreement with respect to the Defendant's need for continuance of the due date for the filing of pretrial motions.

5

3.     Defendant GARNER is presently on pretrial release pending trial, and has no objection to the requested continuance, as it will enhance the thoroughness of his motions and trial preparation.

4.     The public health crisis posed by the coronavirus pandemic has disrupted the activities of Defendant GARNER and his counsel in connection with the preparation of pretrial motions, and a short extension of the due dates for the filing of such motions is in the public interest and required to avoid a miscarriage of justice.

5.     Based upon the necessity for continuity of counsel and effective preparation, denial of this request for a continuance would deny the parties herein sufficient time and opportunity to effectively and thoroughly prepare for the filing of pretrial motions in this case, taking into account the exercise of due diligence.  Denial of this request would result in a miscarriage of justice.

6.     The additional time requested by this Stipulation does not effect the trial date in the present case, but nonetheless is excludable in computing the time in which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Sections 3161(h)(7)(B) and 3161(h)(7)(B)(iv).

For all of the above-stated reasons, the ends of justice would best be served by a continuance of the date by which pretrial motions must be filed.

**II.**

**CONCLUSIONS OF LAW**

The ends of justice served by granting said continuance outweigh the best interest of the public and the Defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare their pretrial motions, taking into account the exercise of due diligence.

6

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Sections 3161(h)(7)(B) and 3161(h)(7)(B)(iv).

**ORDER**

Based on the pending Stipulation of counsel, and good cause appearing,

IT IS FURTHER ORDERED that all additional Pretrial Motions are due on or before December 4, 2020 and Responses thereto are due on December 18, 2020.  Replies due on or before December 31, 2020.

DATED this 18th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE