BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER, ESQ.
Nevada Bar No. 3568
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Telephone (702) 382-7300

Attorneys for Defendant
  GLEN EDWARD GARNER

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLEN EDWARD GARNER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:18-cr-00317-JAD-VCF |

## STIPULATION AND ORDER TO CONTINUE DEADLINE FOR FILING OF PRETRIAL MOTIONS AND RELATED DATES
### (Sixteenth Request)

IT IS HEREBY STIPULATED AND AGREED, by and between Defendant GLEN EDWARD GARNER, by and through his attorney (Richard J. Pocker, Esq. of the law firm of Boies Schiller Flexner LLP), and the Plaintiff UNITED STATES OF AMERICA (hereinafter, "the Government"), by and through its attorney (Assistant United States Attorney Kevin Schiff), that the deadline for the filing of pretrial motions be extended to March 15, 2021, and the due date for any responses to pretrial motions be extended to March 29, 2021.

This Stipulation is entered into for the following reasons:

1.      The present case is currently set for trial on May 18, 2021.  The date by which pretrial motions are to be filed is February 19, 2021, but the parties filed a Stipulation on

February 9, 2021 to extend the deadline to March 1, 2021.  That Stipulation (ECF No. 91) has not yet been approved or rejected by the Court.

2. As set forth in great detail in earlier filings and stipulations, the discovery period in the present case has been different than in ordinary criminal cases, in that motions practice has resulted in a more voluminous production of evidence and documents by the Government, with the high volume of sensitive materials having being produced subject to a Protective Order entered by U.S. Magistrate Judge Ferenbach.  Under the terms of that Protective Order, Defendant GARNER is permitted to view the produced documents and listen to the produced recording only in his counsel's offices, and is not permitted to copy or possess those materials outside counsel's offices.  Moreover, the vast majority of the produced materials were disclosed after the commencement of the COVID-19 public health crisis.  The lockdowns, access restrictions and safety protocols which resulted from the governmental directives issued to address the crisis have made it impossible for Defendant GARNER and his counsel to meet in person to discuss and review the sensitive materials for purposes of completing Defendant GARNER's pretrial motions.  As deeply involved and concerned as he is with the preparation of his case, the combination of the COVID-19 public health crisis and the Protective Order severely handicaps his motions and trial preparation.  In addition to those factors, Defendant GARNER himself contracted the COVID-19 virus in late 2020, and was quarantined and unavailable for meaningful consultation.  The offices of Defendant GARNER's counsel (the law firm of Boies Schiller Flexner, LLP) have been closed to the public and non-employees since March of 2020, and the staff has been working remotely since that time, with the rarest of exceptions.  Boies Schiller Flexner has been restricting access to its offices in the interest of maintaining the health of its attorneys and employees, as well as to cooperate as completely as practical with the governmental directives.

3. Defendant GARNER's counsel is working out arrangements for him to be present in counsels office to review the extensive materials provided by the Government, but it does not appear that those arrangements can be finalized on or before March 1, 2021.

1  Consequently, Defendant GARNER requests this extension of the motions deadline to March
2  15, 2021.
3    4. Defendant GARNER, his counsel and his expert Michael Levine have been
4  engaged in analyzing evidence and preparing to file necessary pretrial motions, as well as they
5  can given the COVID-19 public health crisis.  Counsel for Defendant GARNER requests
6  additional time to review and analyze the discovery materials provided by the Government, and
7  to finalize arrangements to meet and strategize with Defendant GARNER as well as to receive
8  and utilize the remote assistance of Mr. Levine.  The recent public health crisis posed by the
9  COVID 19 pandemic has impacted the ability of Defendant GARNER and his counsel to
10 effectively prepare the necessary pretrial motions, given the medical and governmental
11 restrictions attendant to the local Nevada community.  Given the necessity of preparing and
12 assembling such motions in a situation where face to face meetings between client and counsel
13 were and are inadvisable and counsel's staff is working remotely, a short additional extension
14 of deadlines related to pretrial motions is necessary.  Such an extension will have no effect on
15 the May 18, 2021 trial setting.  The parties hereby agree that the due date for pretrial motions
16 should be extended to March 15, 2021, and that the deadline for responding to these motions be
17 extended to March 29, 2021.
18   5. Counsel for both Defendant GARNER and the Government are in agreement
19 with respect to the Defendant's need for a continuance of the due date for pretrial motions.
20   6. Defendant GARNER is free on pretrial release pending trial, and has no
21 objection to the requested continuance, as it will enhance the thoroughness of his trial
22 preparation.  He is insistent on receiving and reviewing as much helpful and useful evidence as
23 possible in response to his earlier motions, and to having his pretrial motions as comprehensive
24 as possible.
25   7. Denial of this request for continuance will result in a miscarriage of justice,
26 given the necessity of further informed preparation by Defendant GARNER and his counsel,
27 with access to any additional materials Mr. Levine or the Government might make available,
28 and taking into account the restrictions upon conduct created by the pandemic.  Moreover,

placing Defendant GARNER at a disadvantage with respect to motion preparation due partially to his responsible actions in honoring quarantine instructions in light of his COVID-19 illness would be an egregious miscarriage of justice.

8. The extension of deadlines contemplated by this Stipulation does not impact the currently scheduled trial date of May 18, 2021, a date which may, in any event be continued due to the pandemic . Nonetheless, the additional time requested by this Stipulation is excludable in computing the time in which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Sections 3161(h)(7)(B) and 3161(h)(7)(B)(iv).

9. This is the sixteenth request for an extension of the date by which pretrial motions must be filed, although most of those earlier requests were in conjunction with stipulations to continue the trial date, and one request was a Stipulation not yet acted upon by the Court, which will become moot should the Court approve this present Stipulation.

DATED this 19th day of February, 2021.

| BOIES SCHILLER FLEXNER LLP | NICHOLAS A. TRUTANICH |
| --- | --- |
|  | United States Attorney |
| By: /s/ Richard J. Pocker | By: /s/ Kevin Schiff |
| RICHARD J. POCKER, ESQ. | KEVIN SCHIFF |
| Counsel for Glen Edward Garner | Assistant United States Attorney |

BOIES SCHILLER FLEXNER LLP
RICHARD J. POCKER, ESQ.
Nevada Bar No. 3568
300 South Fourth Street, Suite 800
Las Vegas, Nevada 89101
Telephone (702) 382-7300

Attorneys for Defendant
  GLEN EDWARD GARNER

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No.: 2:18-cr-00317-JAD-VCF |
| v. | ) | |
| GLEN EDWARD GARNER, | ) | |
| Defendant. | ) | |

## I.

## **FINDINGS OF FACT**

Based upon the pending Stipulation of counsel, and good cause appearing therefor, the Court finds that:

1.  The present case is currently set for trial on May 18, 2021, and the deadline for filing pretrial motions is February 19, 2021.  Counsel for Defendant GARNER requests additional time to review and analyze the additional discovery materials to be provided by the Government and to meet and strategize with Defendant GARNER, as well as to receive the complete assistance of his retained expert, Michael Levine.

2.  Counsel for both Defendant GARNER and the Government are in agreement with respect to the Defendant's need for continuance of the due date for the filing of pretrial motions.

3. Defendant GARNER is presently on pretrial release pending trial, and has no objection to the requested continuance, as it will enhance the thoroughness of his motions and trial preparation and restore the benefit of time he was unavailable due to his infection with, and recovery from COVID-19.

4. The public health crisis posed by the coronavirus pandemic, and Defendant GARNER's own infection with the COVID-19 virus have disrupted the activities of Defendant GARNER and his counsel in connection with the preparation of pretrial motions, and a short extension of the due dates for the filing of such motions is in the public interest and required to avoid a miscarriage of justice.

5. Based upon the necessity for continuity of counsel and effective preparation, denial of this request for a continuance would deny the parties herein sufficient time and opportunity to effectively and thoroughly prepare for the filing of pretrial motions in this case, taking into account the exercise of due diligence. Denial of this request would result in a miscarriage of justice.

6. The additional time requested by this Stipulation does not effect the trial date in the present case, but nonetheless is excludable in computing the time in which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Sections 3161(h)(7)(B) and 3161(h)(7)(B)(iv).

For all of the above-stated reasons, the ends of justice would best be served by a continuance of the date by which pretrial motions must be filed.

## II.
## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interest of the public and the Defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare their pretrial motions, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), when considering the factors under Title 18, United States Code, Sections 3161(h)(7)(B) and 3161(h)(7)(B)(iv).

## **ORDER**

Based on the pending Stipulation of counsel, and good cause appearing,

IT IS FURTHER ORDERED that all additional Pretrial Motions are due on or before March 15, 2021 and Responses thereto are due on March 29, 2021. Replies due on or before April 5, 2021.

IT IS FURTHER ORDERED that ECF No. 91 is DENIED as moot.

DATED this 23rd day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE